IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 3:16 CR 76 DPJ-LRA

RODNEY NELSON a/k/a "Rod"
a/k/a "Rodney Davis" and
BENNIE EVANS

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)

**The Grand Jury charges:**

## COUNT 1

That from sometime in September 2014 through the date of this indictment, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis" and BENNIE EVANS**, did knowingly and intentionally conspire, with each other and others known and unknown to the Grand Jury, to possess with intent to distribute cocaine hydrochloride, a Schedule II narcotic drug controlled substance, cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance, methamphetamine, a Schedule II narcotic controlled substance, and phencyclidine (PCP), a Schedule II non-narcotic controlled substance, all as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

### QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY

With respect to **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis,"** the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is a detectable amount of cocaine hydrochloride, in

excess of 28 grams of cocaine base, a detectable amount of methamphetamine and a detectable amount of phencyclidine (PCP) in violation of Title 21, United States Code, Sections 841(b)(1)(B) and (C).

With respect to **BENNIE EVANS**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is a detectable amount of phencyclidine (PCP) in violation of Title 21, United States Code, Section 841(b)(1)(C).

COUNT 2

That on or about September 2, 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 3

That on or about September 8, 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 4

That on or about September 19, 2014, in Hinds County, in the Northern Division of the

Southern District of Mississippi and elsewhere, the defendant, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 28 grams or more of a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 5

That on or about October 8, 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 6

That on or about November 6, 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis" and BENNIE EVANS,** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of phencyclidine (PCP), a Schedule II non-narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 7

That on or about November 6, 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 28 grams or more of a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 8

That on or about December 2, 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 28 grams or more of a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 9

That on or about January 21, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 28 grams or more of a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and

Section 2, Title 18, United States Code.

## COUNT 10

That on or about February 19, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of phencyclidine (PCP), a Schedule II non-narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 11

That on or about February 19, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi, the defendant, **RODNEY NELSON a/k/a "Rod" a/k/a "Rodney Davis,"** did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute phencyclidine (PCP), a non-narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

In violation of Section 924(c)(1)(A), Title 18, United States Code.

### **NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise

5

of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code; Section 2461, Title 28, United States Code; and Section 981(a)(1)(c), Title 18, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 7th day of September, 2016.

UNITED STATES MAGISTRATE JUDGE

6