IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


UNITED STATES OF AMERICA

VS.                                CRIMINAL NO. 3:16CR76-DPJ-LRA-1

RODNEY NELSON




**CHANGE OF PLEA HEARING**




BEFORE THE HONORABLE DANIEL P. JORDAN III
UNITED STATES DISTRICT JUDGE
AUGUST 18TH, 2017
JACKSON, MISSISSIPPI




APPEARANCES:

FOR THE GOVERNMENT:   MR. JERRY L. RUSHING

FOR THE DEFENDANT:    MR. MICHAEL L. KNAPP



REPORTED BY:  MARY VIRGINIA "Gina" MORRIS, RMR, CRR

_____

501 E. Court, Suite 2.500
Jackson, Mississippi  39201
(601) 608-4187

1        (COURT CALLED TO ORDER)

2            THE COURT:  Thank you.  You may be seated.  Good

3    morning, Mr. Rushing.  Do you want to get started?

4            MR. RUSHING:  Yes, Your Honor.  The case on the docket

5    this morning is *United States v. Rodney Nelson*, *also known as*

6    *Rod, also known as Rodney Davis.*  It's cause number

7    3:16cr76-DPJ-LRA.  Mr. Nelson is present before the court today

8    for a change of plea as to Count 4 and Count 11 of the

9    indictment, and he's represented by the Honorable Michael

10   Knapp, Your Honor.

11           THE COURT:  All right.  Thank you.  All right.

12   Mr. Nelson, good morning.

13           THE DEFENDANT:  Good morning.

14           THE COURT:  My understanding is that you wish to

15   change your plea as to Counts 4 and 11 of the indictment.  Is

16   that correct?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  All right.  Ms. Powell is going to give

19   you an oath.

20       (DEFENDANT WAS ADMINISTERED THE OATH)

21           THE COURT:  All right.  Mr. Nelson, I need to ask you

22   to speak directly into that microphone because we're recording

23   everything that you and I say.  Okay?

24           THE DEFENDANT:  Okay.

25           THE COURT:  All right.  Do you understand that you're

1    now under oath?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Do you understand that your answers to my

4    questions have to be truthful?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you understand that if they're not

7    truthful that you might be prosecuted for giving a false

8    statement?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  All right.  What's your full name?

11          THE DEFENDANT:  Rodney Conan Nelson.

12          THE COURT:  All right.  Mr. Nelson, if I ask you a

13    question this morning that you can't hear or if you don't

14    understand the question or for any reason whatsoever you're not

15    sure about what I'm asking, I want you to let me know and I'll

16    repeat or restate the question.  Okay?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Also if at any point you need to speak

19    with Mr. Knapp, let me know and I'll let the two of you step

20    back and do that.  All right?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  All right.  If you answer my question, I'm

23    going to assume that you heard it, that you understood it and

24    that you gave me a truthful response.  Is that fair?

25          THE DEFENDANT:  Yes, sir.

```
1              THE COURT:  All right.  How old are you?

2              THE DEFENDANT:  39.

3              THE COURT:  Okay.  And how far did you go in school?

4              THE DEFENDANT:  10th grade.

5              THE COURT:  Okay.  And are you able to read and write?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Have you ever been treated for any mental

8     illnesses?

9              THE DEFENDANT:  No, sir.

10             THE COURT:  Have you ever been treated for any

11    addictions to narcotic drugs of any kind?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Okay.  Tell me about that.

14             THE DEFENDANT:  I was -- I was sent to rehab through

15    Hinds County drug court.

16             THE COURT:  Okay.

17             THE DEFENDANT:  For the addiction of crack cocaine.

18             THE COURT:  All right.  And how long ago was that?

19             THE DEFENDANT:  About four years.

20             THE COURT:  Okay.  But you haven't had any other type

21    of mental illnesses or diagnoses like that?

22             THE DEFENDANT:  No, sir.

23             THE COURT:  Okay.  Are you currently under the

24    influence of any drug, medication or alcoholic beverage of any

25    kind?
```

```
 1            THE DEFENDANT:  No, sir.
 2            THE COURT:  And are you able to talk with your
 3   attorney and understand what he's telling you?
 4            THE DEFENDANT:  Yes, sir.
 5            THE COURT:  Okay.  Are you able to express your
 6   thoughts to him?
 7            THE DEFENDANT:  Yes, sir.
 8            THE COURT:  Okay.  Do you understand why we're here
 9   today and what's happening?
10            THE DEFENDANT:  Not really.
11            THE COURT:  You don't?  Why do you think we're here?
12            THE DEFENDANT:  I thought we was here just for me to
13   say I was pleading guilty to the charge.
14            THE COURT:  Okay.  That is why we're here.
15            THE DEFENDANT:  Okay.
16            THE COURT:  So you're wondering why I'm asking you all
17   these questions?
18            THE DEFENDANT:  Yes, sir.
19            THE COURT:  Okay.  Well, let me explain that for a
20   second.  Before I can accept a change of plea, I have to make
21   sure that you're mentally competent, in other words, that you
22   understand what's going on.  I have to ask those questions.
23            I have to make sure that you understand the terms of
24   your agreement with the government.  I need to make sure that
25   nobody's forcing you to plead guilty today.  I need to make
```

1  sure you understand what you're going to give up by entering a

2  plea.  So there are a lot of questions I'm required by law to

3  ask you before we can get to the point where I ask whether you

4  want to change your plea as to these counts.

5          Does that -- does that put it in better context for

6  you?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Okay.  All right.  So in light of that, do

9  you understand why we're here today?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Okay.  All right.  And on the date of the

12  charges in the indictment against you were you mentally capable

13  of knowing the difference between right and wrong?

14      (COUNSEL AND DEFENDANT CONFERRED)

15          THE DEFENDANT:  You said on the date was I --

16          THE COURT:  Well, you're charged here with possession

17  of -- with intent to distribute a controlled substance and also

18  with carrying a firearm.  And when you were arrested -- or when

19  those things happened, were you mentally capable of knowing the

20  difference between right and wrong?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Okay.  And did you know that it was wrong

23  to possess with the intent to distribute cocaine base and also

24  carry a firearm?

25          THE DEFENDANT:  Yes, sir.

```
 1              THE COURT:  Okay.  All right.  Mr. Knapp, I assume
 2    you've had a few meetings with your client.
 3              MR. KNAPP:  Yes, sir.
 4              THE COURT:  Okay.  And are you satisfied that he can
 5    effectively communicate with you?
 6              MR. KNAPP:  Yes, Your Honor.
 7              THE COURT:  All right.  And do you have any
 8    reservations with respect to his competence at the time of the
 9    offense or with respect to his competence to enter a plea
10    today?
11              MR. KNAPP:  No, your Honor.
12              THE COURT:  Does the government?
13              MR. RUSHING:  No, your Honor.
14              THE COURT:  All right.  So, Mr. Nelson, did you
15    receive a copy of the written charges against you in this case?
16    That's called the indictment.
17              THE DEFENDANT:  Yes, sir, the indictment.  Yes, sir.
18              THE COURT:  Okay.  And did you read it?
19              THE DEFENDANT:  Yes, sir.
20              THE COURT:  And did you have a chance to go through
21    that document with Mr. Knapp?
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  And did you get an opportunity to ask
24    Mr. Knapp any questions that you had?
25              THE DEFENDANT:  Yes, sir.
```

1    THE COURT:  Okay.  And were you able to discuss those

2  charges and any other possible charges with Mr. Knapp?

3    THE DEFENDANT:  Yes, sir.

4    THE COURT:  Were you able to discuss your case in

5  general with Mr. Knapp?

6    THE DEFENDANT:  Yes, sir.

7    THE COURT:  And were you able to discuss any possible

8  defenses that you might have had with Mr. Knapp?

9    THE DEFENDANT:  Some of it.

10    THE COURT:  Some of it?

11    THE DEFENDANT:  Yes, sir.

12    THE COURT:  Are there things that you wanted to

13  discuss with Mr. Knapp that you didn't have an opportunity to

14  discuss?  Do you want me to say that differently?

15    THE DEFENDANT:  Yes, sir.  I didn't understand the

16  question.

17    THE COURT:  Yeah.  I'm just saying I want to make sure

18  that you had a full opportunity to fully discuss your case with

19  Mr. Knapp.  Did you have that opportunity?

20    THE DEFENDANT:  Yes, sir.  We had an opportunity to

21  discuss it, but some things I just didn't understand and...

22    THE COURT:  Okay.

23    THE DEFENDANT:  He tried to explain it, though, but I

24  just didn't understand it, just some of the...

25    THE COURT:  Okay.  With respect -- let's start with

1  the charges here in the case.  You're charged with possession

2  with intent to distribute crack.  Is that right?  Is there

3  anything that you didn't understand about that charge?

4              THE DEFENDANT:  No, sir.

5              THE COURT:  Okay.  So you understand what they're

6  saying when they say that you possessed crack with the intent

7  to distribute it.  You understand that.

8              THE DEFENDANT:  Yes, sir, I understand that charge.

9  Yes, sir.

10             THE COURT:  Okay.  And you're also charged here in

11 Count 11 with possessing a firearm in relation to that -- that

12 possession charge.  Do you understand what it means to -- is

13 that wrong, Mr. Rushing?

14             MR. RUSHING:  It is relation to another -- another

15 charge of possession with intent to distribute phencyclidine.

16             THE COURT:  I'm sorry.  So it's a different possession

17 charge.

18             MR. RUSHING:  Yes, sir.

19             THE COURT:  Okay.  But, sir, you understand that

20 they're saying that you possessed a firearm in conjunction with

21 some drug-trafficking activity.  Do you understand that?

22             THE DEFENDANT:  That's what I didn't understand.

23             THE COURT:  You don't understand that.

24             THE DEFENDANT:  No, sir.

25             THE COURT:  Okay.  What about it do you not

1    understand?

2         THE DEFENDANT:  I wasn't -- to my understanding, drug

3    trafficking is like when you have drugs you're going to sell or

4    something.  And at the time when I got caught the firearm with

5    the drugs, I wasn't going to sell any drugs.  I had personally

6    used drugs.  I was -- bought them drugs for me to use.  It was

7    a small amount.  It wasn't a big amount.  And I didn't

8    understand why -- why did I have that charge like that.

9         And as far as the other one he was saying --

10   Mr. Rushing was saying is possession with intent to distribute

11   that kind of drug, I wasn't even the one sold it.  So how did I

12   possess it with intent to distribute when I didn't sell it?  I

13   never understood that.

14        THE COURT:  But you're saying you want to plead guilty

15   to that?

16        THE DEFENDANT:  I was saying I -- I wanted to plead

17   guilty to the possession with intent to distribute the crack

18   and I wanted to plead guilty to the -- just possession of a

19   firearm.  Those are the crimes I committed.  But as far as

20   trafficking drugs to go sell with a firearm, I didn't do that.

21   I didn't have drugs for sale or anything.  I had drugs for

22   personal use.

23        THE COURT:  All right.  Mr. Rushing.

24        MR. RUSHING:  I don't think we can go forward with

25   that plea on the firearm under those conditions.

1    THE COURT:  All right.  Well, I'm not -- let me make

2  sure I understand what you're saying.  I take it you do not

3  have an offer on the table to plead guilty --

4    MR. RUSHING:  No, sir.

5    THE COURT:  -- as to Count 4.

6    MR. RUSHING:  No, sir.  The plea I've set forward is a

7  plea to both these counts, Your Honor.  So I'm not willing to

8  forgo the other charge.

9    THE COURT:  And I'm obviously not getting involved in

10  that, but -- so when you say we cannot go forward as to

11  Count 11, what you're really saying is we can't go forward as

12  to either.

13    MR. RUSHING:  Yes, Your Honor.  That's my

14  understanding.  He could -- he can plead to the -- he can

15  always plead to any count he wants to and go to the trial on

16  the other counts that he's denying, you know, but I can't force

17  him to do that.  I can't stop him from doing that.  But my

18  recommendation would not be for that.

19    THE COURT:  In other words, an open plea as to

20  Count 4?

21    MR. RUSHING:  No, sir.  He could actually -- yes, sir,

22  he can -- he'd have to plead open to both -- both counts.

23    THE COURT:  Okay.  Mr. Knapp.

24    MR. KNAPP:  Your Honor, I've seen my client numerous

25  times and we've discussed these issues numerous times.  My

1  client and I would like a couple of minutes to talk and make

2  sure he knows the repercussions of what he's doing today.  I

3  believe I've explained it several times to him, but it may be

4  something he doesn't understand.  Before we shut it down, I'd

5  like to tell my client what's happened.

6          THE COURT:  All right.  Let me say this.  And I may be

7  a little reluctant to stick my toe in here too far, but I don't

8  know whether it's -- I don't know enough about the facts

9  underlying Count 11 and the -- all I know is that it's not

10 related to Count 4.

11         So I don't know if this is a misunderstanding on your

12 client's part about Count 11 and the other drugs that are

13 involved.  In other words -- and you don't have to answer this,

14 but I don't know whether he just has a misunderstanding

15 about -- about the law as it relates to Count 11, or whether

16 he's telling me he just didn't do that factually, which is

17 going to be hard for him to come in and change that testimony

18 and say, well, I -- actually, he did do it.

19         Do you understand the distinction I'm making?  I

20 didn't say that very well.

21         MR. KNAPP:  I'm not sure I did, Your Honor.

22         THE COURT:  Let me say it again.  He's just told me

23 that he didn't possess a firearm -- that he did possess a

24 firearm, but he didn't possess it during a drug-trafficking

25 activity.  And so it would be one thing if he says, *Well, I was*

1  *legally incorrect about what it means to be -- to have a*

2  *firearm during drug-trafficking activity*; it would be a

3  different thing if he came in here and did a 180 and said,

4  *Okay.  Actually, I did.*

5          MR. KNAPP:  I understand now, Your Honor.  If it

6  please the court -- and I would ask my client to correct me if

7  I'm wrong.  I mean, I --

8          THE COURT:  Do you want to take a minute to talk to

9  your client?

10          MR. KNAPP:  Yes, Your Honor, I would.

11          THE COURT:  Do we need to take a recess or how do you

12  want to do this?

13          MR. KNAPP:  Well, I would like to talk somewhere that

14  we wouldn't be overheard.

15          THE COURT:  Sure.  Let's -- Mr. Rushing, I'm going to

16  take a recess.

17          MR. RUSHING:  No objection, Your Honor.

18          THE COURT:  If you would leave the courtroom.  And,

19  obviously, the marshal's going to have to be in the courtroom

20  here.  All right.  Mr. Knapp, I'll just -- I guess I'll let the

21  two of you sit at your table there and then you can tell

22  Ms. Powell to come get me when you're finished.

23          MR. KNAPP:  I will do that.

24      (RECESS)

25          THE COURT:  Thank you.  You may be seated.

1    MR. KNAPP:  May I approach the podium, Your Honor?

2    THE COURT:  I'm sorry?

3    MR. KNAPP:  May I approach the podium?

4    THE COURT:  Of course.

5    MR. KNAPP:  Your Honor, I have conferred with my

6  client, and my client today has told me that he has a problem

7  with Count 11.  It is -- the court made some comments and I'd

8  like to address them.

9        It's not a denial that he -- there was a gun; there

10  was PCP there.  The bulk of it -- he's not denying that

11  factually.  His argument is and has been in the past that there

12  was too little drugs for it to be considered trafficking.  It

13  was personal use.  However, my client has not changed his

14  position from what he told the court before you left the bench.

15        I've talked to the United States attorney.  I'm not

16  certain the actual benefit -- or there will be an actual

17  benefit, but the U.S. attorney said he could talk to my guy

18  next week -- "my guy."  Forgive me, Your Honor -- the defendant

19  next week if the court would allow.

20        And this issue has come up several times.  That was

21  not a brand-new issue to me.  But as we stand here today, on

22  Count 11 he is not going to admit PCP was enough to constitute

23  drug trafficking, which is the essence of it.

24        And in addition, he has asked me to ask the court to

25  allow him to talk to you from the podium.  And I told him that

1   would be your decision.

2        THE COURT:  Well, but before we do that, let me make

3   sure what you're asking for.  Are you saying you're asking for

4   a continuance so that you can have further discussions with

5   Mr. Rushing next week?

6        MR. KNAPP:  I'm asking for a continuance so that

7   Mr. Rushing can meet with my client, which is what my client

8   has requested me to do.  That will -- if there is any unclarity

9   on anybody's mind, that postponement would give time to clear

10  it up.  I'm not -- can't promise the court it would correct all

11  situations, but it would give me time to double up.  And so I

12  do ask the court for additional time.

13       THE COURT:  Okay.  Mr. Rushing.

14       MR. RUSHING:  Your Honor, we can't go forward today

15  anyway.  So I have no objection to a continuance.  I guess he

16  wants just to continue just the hearing date or the plea date

17  or want to continue the -- because I know there's a motion

18  still pending in this matter that needs to resolved before the

19  trial, which is September the 18th, Your Honor.  So I don't

20  want to delay that part of it either.  So...

21       MR. KNAPP:  Your Honor, at this point -- I'm sorry.

22       MR. RUSHING:  I'm through.

23       THE COURT:  Go ahead.

24       MR. KNAPP:  Your Honor, at this point I'm not making a

25  motion for continuance of the trial.  As a matter of fact, I've

1    started on jury instructions.  I've got my motions filed.  But

2    Mr. Rushing is correct that I've got two motions, take about

3    total I would guess two hours.  My feeling it would take a

4    couple of hours that would need to be heard.

5            But I do not move for a continuance of the trial.  But

6    I would like a short postponement, because Mr. Rushing and I

7    have to get ready for trial if this is not going to go forward.

8            THE COURT:  I could -- Mr. Rushing, is there something

9    else you wanted --

10           MR. RUSHING:  No, your Honor.

11           THE COURT:  I could continue this plea hearing to the

12   afternoon of August 25th.

13           MR. RUSHING:  Thursday?

14           THE COURT:  I think that's Friday.

15           MR. RUSHING:  Friday?

16           THE COURT:  Next Friday.

17           MR. RUSHING:  I'm available that day, Your Honor.

18           MR. KNAPP:  Your Honor, may I look at my calendar?

19           THE COURT:  Of course.

20           MR. RUSHING:  Your Honor, if we can -- Your Honor, I

21   know the issue I understand is he needs to meet with me this

22   week to resolve the issue or next week.  If we can't reach a

23   resolution, would that be the plea date and/or the hearing date

24   for the outstanding motions?

25           THE COURT:  Yeah, I think that's a good idea.  I

1    think -- I guess I would ask the parties to come to some sort

2    of conclusion about the plea as -- by the 23rd.  And then I,

3    obviously, have some work to do if it's a motion hearing.  So

4    let me know by 5:00 on the 23rd whether the 25th is going to be

5    a plea or a motion hearing.

6            MR. RUSHING:  Yes, Your Honor.  Thank you.

7            THE COURT:  Thank you.  That's a good idea.

8            MR. KNAPP:  I'm available for the 25th for rehearing

9    of this plea -- potential plea and be ready for my motions also

10   on that date.

11           THE COURT:  Okay.

12           MR. KNAPP:  Be 9:00?

13           THE COURT:  1:00.

14           MR. KNAPP:  1:00.

15           THE COURT:  I have a conflict in the morning.

16           MR. KNAPP:  Okay.  And I understand the deadline for

17   Mr. Rushing and I meeting and notifying the court is the 23rd?

18           THE COURT:  I'm sorry.  Say that again.

19           MR. KNAPP:  The 23rd is our deadline to let the court

20   know.

21           THE COURT:  That's right.  Mr. Nelson, let me say this

22   about your request to speak.  I don't know what you want to

23   talk about.

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  But as things stand right now, I don't

1  know whether there's going to be a plea or a trial.  And you

2  have a constitutional right to remain silent.  If you say

3  something in here that is against your interest and you end up

4  in trial, Mr. Rushing will have the right to tell the jury

5  about it.

6           THE DEFENDANT:  Okay.

7           THE COURT:  And I think you need to be very careful at

8  this point what you say, you know, here in the courtroom.  Is

9  there something you feel like you really need to say today?

10  Because it's probably not a great idea.

11           THE DEFENDANT:  I don't feel it's nothing that

12  would -- he will probably use against me.  It's just something

13  that I just wanted to address the court about.  That's all.

14           THE COURT:  Does it have to do with this case?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Let me make sure that you're fully advised

17  here that you understand that you have the right to remain

18  silent.  You don't have to say anything.  Do you understand

19  that?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Do you understand that if you do say

22  something that the government would have the opportunity to use

23  that at trial?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  All right.  Do you understand that the

1  right to remain silent is your right and only you can exercise

2  it?  You can talk to your attorney about it, but at the end of

3  day you're the one who has to decide whether you want to speak

4  or not.

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Okay.

7      (COUNSEL AND DEFENDANT CONFERRED)

8          THE COURT:  So I -- I'm nervous for you.

9          MR. KNAPP:  And I'm nervous too, Your Honor.

10         THE COURT:  And I'm going to tell you it's probably a

11  bad idea for you to talk, but I've advised you of your rights.

12  If you want to say something, go ahead.

13         THE DEFENDANT:  Your Honor, I'm -- I'm not saying -- I

14  don't want nobody to get a misunderstanding what I'm saying.

15  I'm not saying that I'm not guilty of Count 4.  I -- and I'm

16  not saying that I want to go to trial on this.  I just would

17  like for someone to look into -- into the personal use of

18  drugs.

19         THE COURT:  In Count 11.

20         THE DEFENDANT:  Yes, sir.  I'm not denying -- I'm not

21  denying there was a gun.  I'm not denying that.  I'm not

22  denying -- I'm just denying that the drugs was not for sale as

23  far as just trafficking.  It was personal use.  That -- that's

24  it.

25         THE COURT:  Okay.  I understand what you're saying.

1    It's -- under the rules, I cannot get involved in plea

2    negotiations.

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  I'm precluded from doing that.  And,

5    frankly, I don't care whether you want to go to trial or not.

6    That's completely up to you and the government.  And y'all can

7    work that out next week.

8              I don't know really anything about Count 11 other than

9    what is in the indictment and what you've said today.  So I

10   don't know whether what happened would constitute an offense or

11   not.  But I'm going to let y'all have a little time to try to

12   work that out; and if you can't, then we'll just have to move

13   forward.

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  All right.  Anything else, Mr. Rushing?

16             MR. RUSHING:  No, your Honor.

17             THE COURT:  All right.  Mr. Knapp, anything further

18   from you?

19             MR. KNAPP:  No, your Honor.

20             THE COURT:  All right.  We're adjourned.  Thank you.

21        (HEARING CONCLUDED)

22

23

24

25

CERTIFICATE OF REPORTER

        I, MARY VIRGINIA "Gina" MORRIS, Official Court

Reporter, United States District Court, Southern District of

Mississippi, do hereby certify that the above and foregoing

pages contain a full, true and correct transcript of the

proceedings had in the aforenamed case at the time and

place indicated, which proceedings were recorded by me to

the best of my skill and ability.

        I certify that the transcript fees and format

comply with those prescribed by the Court and Judicial

Conference of the United States.

        This the 5th day of March, 2018.


                        s/ Gina Morris
                        U.S. DISTRICT COURT REPORTER