```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION


UNITED STATES OF AMERICA

VS.                                CRIMINAL NO. 3:16CR76-DPJ-LRA-1

RODNEY NELSON
```

**STATUS CONFERENCE**

```
         BEFORE THE HONORABLE LINDA R. ANDERSON
              UNITED STATES MAGISTRATE JUDGE
                     JUNE 23RD, 2017
                   JACKSON, MISSISSIPPI
```

APPEARANCES:

FOR THE GOVERNMENT:    MR. JERRY L. RUSHING

FOR THE DEFENDANT:     MR. MICHAEL L. KNAPP


TRANSCRIBED BY:   MARY VIRGINIA "Gina" MORRIS, RMR, CRR

_____

```
               501 E. Court, Suite 2.500
               Jackson, Mississippi  39201
                     (601) 608-4187
```

1        THE COURT:  Good morning to everyone.
2        MR. RUSHING:  Morning, Your Honor.
3        THE COURT:  Let's start with Mr. Nelson.  Would you
4   call that case, please.
5        MR. RUSHING:  Yes, Your Honor.  Your Honor, the first
6   case on the docket in *United States v. Rodney Nelson, also*
7   *known as Rod, also known as Rodney Davis.*  It's cause number
8   3:16cr76-DPJ-LRA.  We're present before the court for a status
9   conference, Your Honor, on a -- I think a letter that he wrote
10  to the court.
11       THE COURT:  All right.  Thank you.  Mr. Nelson, I need
12  you on the microphone.  So would you come to the podium,
13  please.
14     (COMPLIED WITH REQUEST)
15       THE COURT:  Good morning, sir.
16       THE DEFENDANT:  Good morning.
17       THE COURT:  Would you raise your right hand to be
18  sworn.
19     (DEFENDANT WAS ADMINISTERED THE OATH)
20       THE COURT:  Thank you.  Would you state your full
21  name.
22       THE DEFENDANT:  Rodney Nelson.
23       THE COURT:  Is that microphone on?  I want to make
24  sure.
25     (MICROPHONE TESTED)

1       THE COURT:  All right.  Thank you.  Mr. Nelson, you
2  sent a letter to the court that I consider a motion for new
3  counsel.  I'm sorry, Mr. Knapp.
4       MR. KNAPP:  Your Honor, (unintelligible).
5       THE COURT:  Would you make sure you're talking into a
6  microphone.
7       MR. KNAPP:  Sure, Your Honor.  Your Honor, I just want
8  the client to be made aware of his First -- Fifth Amendment
9  rights and that he may be waiving attorney-client communication
10 to some extent.
11      THE COURT:  All right.
12      MR. KNAPP:  I would like --
13    (Unintelligible)
14      MR. KNAPP:  It's green.  Green's on.
15      THE COURT:  It appears to be.
16      MR. KNAPP:  If I could get closer to it.
17      THE COURT:  Why don't you sit down and --
18      MR. KNAPP:  Your Honor, if it please the court, two
19 things, one, my client be advised of his Fifth Amendment right
20 not to testify and that this -- testimony in this hearing be
21 for the purpose of this hearing only and not for the trial.
22      THE COURT:  That's exactly right.  Thank you,
23 Mr. Knapp.
24      MR. KNAPP:  Thank you.
25      THE COURT:  Your lawyer's looking out for your best

1   interest.  What he's telling you is that you need to be very
2   careful in what you say because whatever you say, as innocent
3   as it might appear to be to you, might be something that the
4   prosecution can use against you in what is scheduled as a
5   trial, a criminal trial in your case.
6           The only issue here has nothing to do about -- with
7   your charges.  It's whether or not Mr. Knapp continues to
8   represent you.  I wrote in your letter -- or read in your
9   letter -- I'm sorry -- that you have an attorney who's provided
10  by the government and you think that the fact he's being paid
11  by the government influences him.
12          If I appoint another attorney, he will also be paid by
13  the government.  So that's not an argument that will hold up.
14  Do you have someone in mind or are you able to hire your own
15  attorney?
16          THE DEFENDANT:  I'm -- I think I stated that in the
17  letter too.
18          THE COURT:  I'm not sure that you did or not.  But
19  you've worked with Mr. Knapp since I want to say October of
20  2016.  You have a trial date coming very soon.  Have you talked
21  to Mr. Knapp about this problem that you believe you have with
22  him?
23          THE DEFENDANT:  (Unintelligible)
24          THE COURT:  No, you need to do more than mention it.
25  You have a trial set on August 8th.  It's probably not going to

1  be continued again because it was initially set in November,
2  then moved to February, then moved to May.  And it's not likely
3  that Judge Jordan is going to move it again.
4          You could get a new attorney.  You have deadlines for
5  filing motions.  I noticed Mr. Knapp has already filed several
6  of the necessary motions and he's waiting for those to be
7  heard.  Your motion deadline is July 10th.  So you'd have to
8  have a new attorney to get ready, get completely familiar with
9  your case in a very short length of time.
10         If you have problems, you should have voiced them a
11 very long time ago because you want somebody who's familiar
12 with your case and who's prepared.  Tell me -- and being very
13 careful not to get into the details of your case -- what your
14 issue is.
15         THE DEFENDANT:  First of all, Your Honor, let me say
16 that I had no knowledge of a trial date in August, first of
17 all.
18         THE COURT:  It was just continued.  It was in May and
19 it's been continued here recently to August, the term
20 August 8th.
21         THE DEFENDANT:  When I last spoke with Mr. Knapp, he
22 told me he was going (unintelligible) when those dates was set
23 and I haven't heard nothing about a date.
24         THE COURT:  It was just very recently set.
25         THE DEFENDANT:  The second thing is I'm being asked to

1  plead guilty to some charges I haven't seen no evidence on.  If
2  I could see evidence -- we looked at two videos this week, but
3  I have more charges than that.  And I haven't seen no video or
4  nothing.
5         And when we sat down to look at the video, he told me
6  that we -- he couldn't get into the little jump drive thing.
7  And he never came back to show them to me.  So I'm really
8  asking how can I plead guilty to something I haven't seen the
9  evidence or I don't know anything about.
10        THE COURT:  So you're saying that you want to go to
11 trial and he wants you to plead?
12        THE DEFENDANT:  I feel like I'm being pressured to --
13 to accept a plea that I don't know nothing about the charges on
14 and then -- like I stated to him, I don't want to go to trial.
15 I'm not trying to go to trial.  I'm not even trying to work the
16 court that hard to even go to trial.
17        I just -- like I've been telling him, I just want to
18 be charged fairly for what I -- I have no problem accepting my
19 responsibility for what I've done.  But why should I accept
20 responsibility for something I haven't done?
21        THE COURT:  In your letter you said that he is wanting
22 you to go to trial instead of pleading guilty.
23        THE DEFENDANT:  Yes, ma'am.
24        THE COURT:  And just now you said he wants you to
25 plead guilty.

1    THE DEFENDANT: He want me -- he told me -- he
2 pressuring me. He telling me either take the plea or go to
3 trial.
4    THE COURT: Those are your options. Those are
5 absolutely your options.
6    THE DEFENDANT: And I told him that I don't want to go
7 to trial; but I don't want to take that plea, because it's not
8 right.
9    THE COURT: If you don't accept the plea that the
10 government offers, he can't make the government change the
11 plea. Your only other option then is to go to trial. He can't
12 get you a plea that they don't offer you. He can't make them
13 change the terms of the plea.
14    And if I appoint another lawyer, he's going to bring
15 you the same package back. This is what the government is
16 offering as a plea agreement.
17    You can enter an open plea. You can plead guilty and
18 let the judge decide what sentence you get. That's the third
19 alternative I suppose. Or you can take the government's plea
20 offer, or you can go to trial.
21    THE DEFENDANT: I mentioned to him that for one of the
22 charges that they're trying to give me I would plead guilty to.
23 I didn't have no problem with that. But on the other charge
24 I'm not being charged right for it. I'm asking -- I asked -- I
25 said, *Well, can you ask Mr. Rushing to listen to that?* And the

*first answer I get is, He ain't going to do it.*

*But how do you know he's not going to do it if you're not asking him. Me and you sitting here. So how do you know he's not going to do something if you don't ask him?*

THE COURT: Well, your options are accept the plea, go to trial or enter an open plea. I'm not sure what else you have that's a problem for you. You said you didn't get to see any of your discovery. Is that the issue?

THE DEFENDANT: I didn't -- I only seen two videos, and I'm charged with more than two charges. But I haven't seen but two videos. So after I see two videos, I agree to that. Why should I plead guilty to something else I haven't seen? I don't -- we might just be -- they might just be --

THE COURT: How many videos do you have?

THE DEFENDANT: I haven't seen the proof.

THE COURT: Do you know how many there are?

THE DEFENDANT: Supposed to be some other. He told me he couldn't get into the jump drive. He didn't have the code or something.

THE COURT: All right. Are you -- let me ask you, Mr. Knapp. Are you able to show him the other if there are others?

MR. KNAPP: Your Honor, if it please the court, I've spent a good bit of time on this case. I have seen my client more often than I usually do see my clients. I have brought my

1   computer with the drives that I had that had the -- allegedly
2   had his face on film selling drugs.  That's the allegations of
3   the government.  I showed him those and showed with my computer
4   on the screen.
5           There's some more testimony in the way of written
6   reports, and I've shown him that.  And we talked about this at
7   length.  He talks about it every time we see each other.  And
8   that's the problem I've got.  I think the court's narrowed it
9   down.  He doesn't think I'm getting him a proper plea when I
10  indicate that our option is to go to trial.  And as the court
11  has noted, I'm getting ready to go to trial.  So that's my
12  only -- I have one option.  He's got two.
13          But, you know, if he doesn't want to take what the
14  government has -- and I have gone to the government and tried
15  to get the government to work with me and whatnot.  And the
16  government and I talked often about a plea offer.  But it's not
17  satisfactory to my client.  And I have no other choice but go
18  to trial.  I'm not pushing it.  I'm just -- that's my option.
19          THE COURT:  All right.  Thank you.  I am familiar with
20  Mr. Knapp as a criminal attorney and I'm familiar with his
21  work.  He is a very competent attorney and he is a very
22  thorough attorney.  If your complaint is that he's not getting
23  you enough of a plea deal that you'd like, then that's not
24  sufficient for me to relieve him and replace him in this case.
25          You have deadlines coming up.  Are there -- let me ask

1  you, since Mr. Rushing happens to be here. Are there more than
2  two videos? If there's some more videos he needs to look at, I
3  want to make arrangements for him to see those.
4            MR. RUSHING: There should be a video for each one of
5  the sales or either audio for each one of the sale cases, Your
6  Honor. It's in the indictment. So...
7            THE COURT: All right. Let me ask you to talk and
8  make sure he sees those. Mr. Knapp.
9            MR. KNAPP: Your Honor, I've shown him the videos
10 where his face appears and where it's filmed there. There
11 are -- I'm not certain whether or not there's other videos, but
12 they don't -- one of them, for example, doesn't show anything,
13 but it's a video that becomes an audio because somebody put a
14 plastic bag over the phone -- I mean the camera. And so, you
15 know, we didn't go over that one because it doesn't show him.
16 And, to my knowledge, everyone that he appeared in he's seen.
17           THE COURT: All right. Will you just show him
18 whatever else is there then.
19           MR. KNAPP: Yes, ma'am, I'll be glad to.
20           THE COURT: And you'll see the discovery, but please
21 understand that no defense attorney can force the U.S. attorney
22 to make an offer that's pleasing to his client just because he
23 says so. And the next attorney is going to tell you the same
24 thing and the next one. I think those were your two biggest
25 arguments, that you wanted to see your discovery --

1    THE DEFENDANT: Your Honor, what about if -- if I'm
2 plead -- we discuss -- we plead guilty to what I'm going to
3 trial on, Your Honor? I never -- I asked questions. I never
4 heard nothing back about the questions I asked.
5    THE COURT: You want to plead on one count and go to
6 trial on one count?
7    THE DEFENDANT: Yes, ma'am.
8    THE COURT: Talk to your lawyers about that. I'm sure
9 they will take the recommendation back to the government and
10 they can say yes or no.
11    THE DEFENDANT: I haven't heard anything.
12    THE COURT: All right. You can discuss that.
13    THE DEFENDANT: Yes, ma'am.
14    THE COURT: Are you willing to maintain
15 representation, Mr. Knapp?
16    MR. KNAPP: Your Honor, I have approached the
17 government with that suggestion and -- but I haven't advised
18 doing it, but it has been brought up. I've done quite a good
19 bit of work in this case.
20    THE COURT: And I'm certain -- I looked at the docket
21 and I saw the motions that have been filed in this case waiting
22 for a ruling by the judge. Obviously, you are familiar with
23 the case.
24    MR. KNAPP: Yes, ma'am.
25    THE COURT: And I don't think any attorney could get

in and get prepared, not even close, unless this is the only client he has. And that would raise some concern for me if he didn't have anybody else.

But he's familiar with your case. He's going to show you whatever videos he has. And he's been talking to the U.S. attorney. If you want an offer in writing, I think they present those in writing. And as far as negotiations, your attorney can make recommendations and take to the government proposals, but they can't make a deal that you like and be sure that that's going to be acceptable.

THE DEFENDANT: Well, what if I'm -- like if I'm asking for you to go ask him and -- for you to go ask, you say, *He's not going to do it.* How do you know if you don't ask?

THE COURT: Well, I think he said he did go and ask. His first response was they probably won't. He's worked with them long enough to know generally what their tactics are and what their strategies are. But from what I understand, he's asked. You write your proposals down and discuss them with Mr. Knapp, and I'm sure he'll present them to the government.

MR. RUSHING: Your Honor, I'll respond by mail so he can get a copy of what I -- my recommendation is.

THE COURT: All right. Would that be acceptable, Mr. Knapp?

MR. KNAPP: Yes, Your Honor.

THE COURT: All right. Write down your proposal. Do

1  you want him to plead guilty?  Do you want him to plead not
2  guilty and go to trial or there's something else that you want
3  him to ask Mr. Rushing?  Write it down.
4        THE DEFENDANT:  Yes, ma'am.
5        THE COURT:  Write it down.  Give it to Mr. Knapp, and
6  you'll get a response.  All right.  So I'm going to deny the
7  motion for a new attorney at this time.
8        As I said, the court is very familiar with Mr. Knapp's
9  work.  And you're on the CJA panel, and the lawyers on the
10 panel are lawyers that have -- usually lawyers that have lots
11 of experience.  And I'm familiar with Mr. -- Mr. Knapp's
12 experience even as far back as state court when I practiced
13 there in the DA's Office.
14       I looked at the docket and I saw the work that he's
15 done on the docket on your behalf.  And so whatever
16 difficulties you've had in the communications from him to the
17 U.S. Attorney's Office, put those in writing.  They'll be taken
18 care of.  Any other videos, if there are any, will be shown to
19 you.  All right.  Tell me if you have any other issues at this
20 time.
21       THE DEFENDANT:  (Unintelligible)
22       THE COURT:  All right, then.  Thank you, Mr. Nelson.
23 Thank you, Mr. Knapp.
24       MR. KNAPP:  Thank you, your Honor.
25       THE COURT:  I appreciate you coming.  Thank you --

```
1            MR. RUSHING:  Thank you, your Honor.
2            THE COURT:  -- Mr. Rushing.
3      (PROCEEDINGS CONCLUDED)
```

CERTIFICATE OF TRANSCRIPTION

I, MARY VIRGINIA "Gina" MORRIS, Official Court Reporter, United States District Court, Southern District of Mississippi, do hereby certify that the above and foregoing pages contain a full, true and correct transcript of the proceedings had in the aforenamed case at the time and place indicated, which proceedings were recorded by the courtroom deputy clerk and later transcribed by me from a digital recording to the best of my skill and ability.

I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

This the 5th day of March, 2018.


s/ Gina Morris_____
U.S. DISTRICT COURT REPORTER