```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION


UNITED STATES OF AMERICA

VS.                                  CRIMINAL NO. 3:16CR76-DPJ-LRA-1

RODNEY NELSON
```

**INITIAL APPEARANCE AND ARRAIGNMENT**

```
                BEFORE THE HONORABLE LINDA R. ANDERSON
                   UNITED STATES MAGISTRATE JUDGE
                          OCTOBER 4TH, 2016
                         JACKSON, MISSISSIPPI




APPEARANCES:

FOR THE GOVERNMENT:    MR. JERRY L. RUSHING

FOR THE DEFENDANT:     MS. JESSICA N. BOURNE



TRANSCRIBED BY:   MARY VIRGINIA "Gina" MORRIS, RMR, CRR

_____

                     501 E. Court, Suite 2.500
                     Jackson, Mississippi  39201
                           (601) 608-4187
```

1       ("UNINTELLIGIBLES" DUE TO DEFENDANT NOT SPEAKING INTO A
2       MICROPHONE)
3              THE COURT:  Good morning to each of you.
4              MR. RUSHING:  Morning, Your Honor.
5              THE COURT:  We have several matters on the docket.
6    Let's start with Mr. Nelson.  Would you call the case, please.
7              MR. RUSHING:  Yes, Your Honor.  Your Honor, the first
8    case on the docket is *United States v. Rodney Nelson*, *also*
9    *known as Rod, also known as Rodney Davis*, criminal number
10   3:16cr76-DPJ-LRA-001.  We're present today before the court on
11   an initial appearance on an indictment.  I don't know if -- I
12   don't know if defense attorney is appointed at this point in
13   time.
14             THE COURT:  I'm sorry.  I didn't hear.
15             MR. RUSHING:  I don't think he has an attorney at this
16   point in time, though.
17             THE COURT:  All right.  Thank you.  And you're here
18   for arraignment as well on each of these.
19             MR. RUSHING:  Yes, Your Honor.
20             THE COURT:  All right.  Thank you.  Good morning,
21   Mr. Nelson, Ms. Bourne.
22             MS. BOURNE:  Morning.
23             THE DEFENDANT:  Morning.
24             THE COURT:  Mr. Nelson, I need you to raise your right
25   hand and be sworn, please.

```
 1        (DEFENDANT WAS ADMINISTERED THE OATH)
 2             THE COURT:  Would you state your full name, please.
 3             THE DEFENDANT:  Rodney Nelson.
 4             THE COURT:  What is your age?
 5             THE DEFENDANT:  38.
 6             THE COURT:  How far did you go in school?
 7             THE DEFENDANT:  (Unintelligible)
 8             THE COURT:  Did you complete the tenth?
 9             THE DEFENDANT:  (Unintelligible)
10             THE COURT:  Did you -- did you get a GED or --
11             THE DEFENDANT:  I was in the process of doing it, but
12   they closed the prison down.
13             THE COURT:  All right.  Can you read and write?
14             THE DEFENDANT:  (Unintelligible)
15             THE COURT:  Have you had any treatment for any mental
16   health issues?
17             THE DEFENDANT:  (Unintelligible)
18             THE COURT:  Any treatment for drug/alcohol abuse?
19             THE DEFENDANT:  (Unintelligible)
20             THE COURT:  When was that?  How long ago?
21             THE DEFENDANT:  (Unintelligible)
22             THE COURT:  Did you complete a program?
23             THE DEFENDANT:  (Unintelligible)
24             THE COURT:  What kind of program?  Where was it,
25   community program or --
```

1      THE DEFENDANT: (Unintelligible)
2      THE COURT: All right. Have you taken any kind of
3 medicine, any drugs, pills, had any kind of alcohol during the
4 last 24 hours?
5      THE DEFENDANT: No.
6      THE COURT: All right. Thank you, Mr. -- Mr. Davis.
7 You are before the court charged with a felony offense.
8 Therefore, you have a right to have an attorney represent you.
9 If you cannot afford an attorney, then one would be appointed
10 for you by the court.
11      You have the right to remain silent. If you give up
12 that right, anything that you say can be used against you in a
13 court of law. You have the right to have your attorney present
14 during any kind of questioning; and should you start to give a
15 statement to law enforcement, you may stop at any time. Do you
16 understand all those rights?
17      THE DEFENDANT: Yes, Your Honor.
18      THE COURT: You have completed a financial affidavit.
19 I needed to pass it to you because this says you've been in
20 custody since March 2015. Where are you in custody?
21      THE DEFENDANT: (Unintelligible)
22      THE COURT: What charge is that for?
23      THE DEFENDANT: (Unintelligible)
24      THE COURT: All right. So it's not related to this
25 charge. How much more time do you have?

1           THE DEFENDANT:  (Unintelligible)  Supposed to be
2  released next year.
3           THE COURT:  The financial -- financial affidavit
4  basically means every question -- like you indicated that you
5  have no income, no assets, no money, no property, no cars, no
6  dependents also.  Is that correct?
7           THE DEFENDANT:  (Unintelligible)
8           THE COURT:  And did you sign this affidavit?
9           THE DEFENDANT:  (Unintelligible)
10          THE COURT:  Is all of the information -- let me let
11 you look at it with Ms. Bourne just to be sure.
12      (PAUSE)
13          THE COURT:  And that's whether you have any property
14 or interest in any property, anything of value.
15      (PAUSE)
16          MS. BOURNE:  We're ready, Your Honor.
17          THE COURT:  All right.  Did you have a chance to
18 review it with Ms. Bourne?
19          THE DEFENDANT:  (Unintelligible)
20          THE COURT:  Any corrections or revisions?
21          MS. BOURNE:  Yes, Your Honor.  Mr. Nelson notes a
22 correction, that he is married and his spouse is employed.
23          THE COURT:  All right.  No property, no assets.
24          MS. BOURNE:  No, Your Honor.
25          THE COURT:  All right.  And is all of that information

1  true and correct and complete under penalty of perjury?
2          THE DEFENDANT: (Unintelligible)
3          THE COURT: All right. Then based on your
4  representation and the affidavit, I'm going to appoint the
5  federal public defender representing you, finding that you are
6  eligible financially.
7          You've been indicted by the grand jury in this cause.
8  It is a multi-count indictment and you are charged in Count 1
9  with conspiracy with intent to distribute 28 grams or more of
10 cocaine base, also known as crack, a detectable amount of
11 methamphetamine, a detectable amount of phencyclidine, or PCP,
12 and detectable amount of cocaine hydrochloride.
13         The penalty for that offense is not less than five
14 years in prison and not more than 40 and a fine of up to
15 $5 million. You're charged in Counts 2 and in Count 3 with
16 intent to distribute cocaine hydrochloride. The penalty for
17 each of these offenses -- and each of these have separate
18 penalties that may run concurrently or they may run
19 consecutively. Do you understand that?
20         THE DEFENDANT: (Unintelligible)
21         THE COURT: For Counts 2 and 3, cocaine hydrochloride,
22 the penalty is not less than three years imprisonment -- I'm
23 sorry. The penalty of not more than 20 years imprisonment and
24 up to a $1 million fine.
25         You're charged in Counts 4 and Count 7, Count 8 and

1  Count 9 each with possession with intent to distribute 28 grams
2  or more of cocaine base or crack.  The penalty for each of
3  these is not less than five years imprisonment and not more
4  than 40 years and a fine on each one of up to $5 million.
5          You're charged in Count 5 with possession with intent
6  to distribute methamphetamine.  The penalty for that offense is
7  not more than 20 years imprisonment and a fine up to
8  $1 million.  And you're charged in Count 6 with possession with
9  intent to distribute PCP.  That carries a penalty of not more
10 than 20 years' imprisonment and a fine up to $1 million.
11         And you're charged in Count 11 with 924(c), which is
12 carrying a firearm during a drug-trafficking crime.  The
13 penalty for that offense is not less than 5 years' imprisonment
14 but not more than life and a fine of up to $250,000.
15         There's a term of supervised release in Counts 1, 4,
16 7 -- 7, 8, 9 and 10 of not less than five years.  There's a
17 term of supervised release in Counts 2, 3, 5 and 6 of not less
18 than three years and a term of supervised release in Count 11
19 of not less than five years.  There's also a special assessment
20 of $100 per count of conviction.
21         Do you understand what the charges are against you,
22 Mr. Davis?
23         THE DEFENDANT:  (Unintelligible)
24         THE COURT:  Do you understand the penalties for each
25 of those offenses?

1       THE DEFENDANT: (Unintelligible)
2       THE COURT: Have you received a copy of the
3  indictment?
4       THE DEFENDANT: (Unintelligible)
5       THE COURT: Do you wish to have it read in to you in
6  open court or do you waive reading?
7       MS. BOURNE: Mr. Nelson waives reading of the
8  indictment, Your Honor, and enters a plea of not guilty to all
9  counts.
10      THE COURT: A plea agreement of not guilty will be
11 entered as to each of the counts and the case is set for trial
12 on November 8th, 2016, before Judge Dan Jordan. Jury
13 instructions, exhibit and witness list are due November 3rd.
14 Pretrial conference -- pretrial conference is scheduled October
15 28th.
16      Dispositive motions are due October 19th. And all
17 nondispositive motions are due October 6th, 2016. I'm going to
18 enter the usual trial setting discovery orders in this case.
19 Any objections by either party?
20      MR. RUSHING: Not by the government, Your Honor.
21      MS. BOURNE: No, Your Honor.
22      THE COURT: All right. I'll pass this to you for
23 signatures. What is the government's position regarding bond
24 or detention?
25      MR. RUSHING: Your Honor, this is a presumption case.

1  We do move for bond -- I mean do move for detention, rather.  I
2  believe he is also currently serving a term in the Department
3  of Corrections of Mississippi too.
4            THE COURT:  All right.  What says the defendant,
5  Ms. Bourne?  You will be entitled to a hearing, Mr. Davis, on
6  the issue of detention.  You can present whatever evidence
7  you'd like to and the government will present any evidence.
8  Given the fact that you're already in custody, even if I
9  granted bond, you'd still go back into custody.  You wouldn't
10 go in free world.
11           You can waive the hearing at this time and reserve and
12 I can rule at a later date if your circumstances change, or you
13 can demand a hearing at this point.  What says the defendant?
14           MS. BOURNE:  Your Honor, we would ask that we be
15 allowed to contact a panel attorney for Mr. Nelson and have
16 that attorney get in contact with him to determine whether or
17 not they would like to have the detention hearing.
18           THE COURT:  All right.  There are a number of
19 defendants involved in this matter, and so the Public
20 Defender's Office will contact one of the attorneys on the
21 panel and that attorney will be in touch with you shortly.  You
22 can speak with your attorney and then he can advise the office
23 whether he wants to go forward with a hearing.  All right.
24           Until that time, though, you will be remanded to the
25 custody of the marshals to await further hearing, Mr. Davis.

```
1    Anything further from the defense?
2             MS. BOURNE:  No, Your Honor.
3             THE COURT:  And the government in this matter?
4             MR. RUSHING:  No, Your Honor.
5             THE COURT:  All right.  Thank you.
6        (PROCEEDING CONCLUDED)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF TRANSCRIPTION

I, MARY VIRGINIA "Gina" MORRIS, Official Court Reporter, United States District Court, Southern District of Mississippi, do hereby certify that the above and foregoing pages contain a full, true and correct transcript of the proceedings had in the aforenamed case at the time and place indicated, which proceedings were recorded by the courtroom deputy clerk and later transcribed by me from a digital recording to the best of my skill and ability.

I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

This the 5th day of March, 2018.

s/ Gina Morris_____
U.S. DISTRICT COURT REPORTER